**IN THE COURT OF APPEALS OF IOWA**

No. 14-0190
Filed September 10, 2015


**CITIBANK, N.A.,**
  Plaintiff-Appellee,

**vs.**

**KEVIN D. SURBER,**
  Defendant-Appellant.

_____


  Appeal from the Iowa District Court for Johnson County, Paul D. Miller,

Judge.


  Kevin Surber appeals the district court's judgment in favor of Citibank.

**AFFIRMED.**


  Kevin D. Surber, Tiffin, appellant pro se.

  Adrienne E. Sula of Rausch, Sturm, Enerson, Israel & Hornik, L.L.C., Des

Moines, for appellee.


  Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, P.J.**

Following a bench trial, Kevin Surber appeals the district court's judgment in favor of Citibank. He asserts the court erred in finding Citibank had met its burden of proof showing Surber had failed to satisfy his payment obligations to Citibank. We conclude Citibank met its burden establishing its right to recovery on an account stated; consequently, we affirm the judgment of the district court.

Surber opened a credit card account with Citibank (then known as Universal Bank) in 1992. He used the card and made regular payments until May 2011, at which point he ceased paying on the balance. No evidence of a dispute with the billing statements was entered into the record, and Citibank closed Surber's account due to non-payment; it then charged off Surber's account in December 2011, after placing the account with a law firm for collection purposes.

On December 9, 2011, Citibank sent Surber a validation notice, pursuant to 15 U. S. C. § 1692 (2011), and notice of right to cure default, pursuant to Iowa Code section 537.5110 (2011). Exhibits establish these notices, as well as the credit card statements, were sent to the address Surber provided to Citibank. Surber failed to cure the default, and Citibank filed suit on March 12, 2012, seeking a judgment of $23,108.70. A bench trial was held on October 10, 2013, in which Surber appeared pro se. His legal argument consisted of the assertion that Citibank did not meet its burden of proof. Surber declined the opportunity to

testify but did present his position to the court. The district court entered an order finding in favor of Citibank, and Surber appeals.[1]

When a party is challenging a district court's ruling in a case tried at law, we review for correction of errors at law. *See Capital One Bank (USA), N.A. v. Denboer*, 791 N.W.2d 264, 269 (Iowa Ct. App. 2010). We are bound by the court's findings of fact if they are supported by substantial evidence. *See id.*

Because this case is based on a consumer credit agreement, it is subject to the provisions of Iowa Code chapter 537. *See id.* at 275 (noting consumer credit card transactions are governed by chapter 537). To obtain a judgment against the consumer in an action to recover on an account stated, the credit card company must establish, by a preponderance of the evidence, the following: (1) an agreement with the consumer; (2) a final statement showing the consumer's address; (3) competent evidence showing the billing statements were sent to the consumer at the address provided by the consumer, the sum total of which were summarized in the final statement; and (4) evidence showing the consumer used the account and did not object to the monthly statements. Iowa Code § 537.5114(1); *see also Denboer*, 791 N.W.2d at 275–76.

We agree with the district court Citibank proved each element of its claim by a preponderance of the evidence. Exhibits establish Surber had a credit card account with Citibank, and that Citibank issued a final statement—sent to Surber's address—claiming $23,108.70 as the amount owed. The credit card

---

[1] Surber has made a number of arguments in his pro se brief that stray from the issues preserved. Consequently, apart from his dispute of the underlying merits, we decline to address Surber's other claims. *See Channon v. United Parcel Serv., Inc.*, 629 N.W.2d 835, 865 (Iowa 2001) (declining to address claims that were not properly argued in the party's brief).

statements entered into evidence were also sent to the address provided by Surber to Citibank. Moreover, Surber failed to contradict—with supporting authority or legally cognizable claims—any of this evidence, nor did he show he ever objected to any of the monthly statements. Therefore, Citibank met its burden establishing each element of its account-stated action. *See Denboer*, 791 N.W.2d at 276. Consequently, we affirm the district court's judgment in favor of Citibank.

**AFFIRMED.**